# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>Babcock, 25-CV-01542<br>Bower, 25-CV-01545<br>Donahue, 25-CV-01546<br>Markert, 25-CV-01536<br>Miller, 25-CV-01547<br>Rossow, 25-CV-01544<br>Taft, 25-CV-01543 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

Pending before the court are motions for a 60-day extension of time for Plaintiffs in the seven cases listed above to serve their expert reports on Philips (Misc. No. 21-1230, ECF No. 4142). All those Plaintiffs are represented by the same counsel.

Philips filed responses in opposition to the motions (ECF No. 4152). Philips pointed out that Plaintiffs had already received one 60-day extension, from January 7, 2026, to March 8, 2026, and their motions failed to articulate good cause for an additional extension. On March 10, 2026, the court issued an order directing Plaintiffs to show good cause on or before March 24, 2026, why their motions should not be denied (ECF No. 4157).

The next day, March 11, 2026, Plaintiffs filed replies to Philips' opposition at the individual case numbers. The replies did not directly reference the court's show cause order, but

did set forth Plaintiffs' position on why good cause exists for the requested extension of time.

Specifically, Plaintiffs assert that they are diligently prosecuting their claims; have submitted all the other documents required by the Docket Management Order ("DMO"); have retained experts who are reviewing the relevant medical records and expert reports; and the expert reports will be provided within 60 days such that no further extensions of time will be needed.[1]  (*See, e.g.,* Civ. No. 25-1536, ECF No. 21).[2]

Upon review, the court concludes that Plaintiffs are diligently pursuing the litigation, articulated good cause and an extension of time until May 7, 2026, will not unduly delay or prejudice the other parties remaining in the MDL.  The court notes that Philips recently consented to an extension of time until May 15, 2026, for another litigant to provide his expert report (ECF No. 4187).

For those reasons, the motions for a 60-day extension of time for Plaintiffs in the seven cases listed above to serve their expert reports on Philips (Misc. No. 21-1230, ECF No. 4142) will be granted.

An appropriate order will be entered.

DATED:       March 25, 2026

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge

---

[1] Plaintiffs' counsel also cites medical issues he experienced in March 2025, and a trial in November 2025.  The court discounts those reasons because they do not justify the <u>additional</u> extension of time now being requested.

[2] Plaintiffs filed identical replies at each individual case, but did not file a reply at the main MDL docket, Misc. No. 21-1230.